UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA


RANDALL RUMORA,

Plaintiff,

vs.                                             Case No.:

VITAL RECOVERY
SERVICES, INC.,

Defendant.
_____/

## **COMPLAINT**

1. Plaintiff alleges a violation of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 et seq. ("FDCPA"), and the Florida Consumer Collection Practices Act, Fla. Stat. § 559.55 et seq. ("FCCPA").

## JURISDICTION

2. Jurisdiction of this Court arises under 28 U.S.C. § 1331, 1337, 1367, and pursuant to 15 U.S.C. § 1692 et seq ("FDCPA"), and pursuant to the Florida Consumer Collection Practices Act, Fla. Stat. 559.55 et seq.

3. This action arises out of Defendant's violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA"), the FCCPA, and out of the invasion of Plaintiff's personal and financial privacy by this Defendant and its agents in its illegal effort to collect a consumer debt from Plaintiff.

1

4. Venue is proper in this District because the act and transaction occurred here, Plaintiff resides here, and Defendant transacts business here.

## PARTIES

5. Plaintiff, RANDALL RUMORA, is a natural person who resides in the City of Fort Lauderdale, County of Broward, State of Florida, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

6. Defendant VITAL RECOVERY SERVICES, INC., (hereinafter "Defendant Vital Recovery") is a collection agency operating from an address of 3795 Data Drive, Suite 200, Norcross, GA 30092, and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

7. Defendant Vital Recovery regularly uses the mail and telephone in a business the principal purpose of which is the collection of debts.

8. Defendant Vital Recovery regularly collects or attempts to collect debts for other parties.

9. Defendant Vital Recovery is a "debt collector" as defined in the FDCPA.

10. Defendant Vital Recovery was acting as a debt collector with respect to the collection of Plaintiff's alleged debt.

## FACTUAL ALLEGATIONS

11. Plaintiff incurred a financial obligation that was primarily for personal, family or household purposes and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

12. Sometime thereafter, the debt was consigned, placed or otherwise transferred to Defendant for collection from this Plaintiff.

13. Defendant sought to collect from Plaintiff an alleged debt arising from transactions incurred for personal, family or household purposes.

## COLLECTION CALLS

14. In or about July, 2010, Defendant Vital Recovery's collector contacted Plaintiff by telephone in an effort to collect this debt, which was a "communication" in an attempt to collect a debt as that term is defined by 15 U.S.C. § 1692a(2).

15. During this July, 2010 call, Defendant left a voice mail on Plaintiff's answering machine, identifying himself as a debt collector.

## SUMMARY

16. The above-described collection communication made to Plaintiff by Defendant Vital Recovery, and a collection employee employed by Defendant Vital Recovery, was made in violation of numerous and multiple provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692b(3), 1692d(5), 1692e(11), 1692f, as well as in violation of the FCCPA § 559.72(5), and 559.77(5).

17. The above-detailed conduct by this Defendant of harassing Plaintiff in an effort to collect this debt was a violation of numerous and multiple provisions of the FDCPA, including but not limited to all of the above mentioned provisions of the FDCPA, as well as an invasion of Plaintiff's privacy by an intrusion upon seclusion and by revelation of private financial facts and resulted in actual damages to these Plaintiff.

18. Defendant's disclosure of Plaintiff's indebtedness to third parties was an invasion of his privacy and their right to financial privacy.

## TRIAL BY JURY

19. Plaintiff is entitled to and hereby respectfully demands a trial by jury on all issues so triable. US Const. amend. 7. Fed.R.Civ.P. 38.

## CAUSES OF ACTION

### COUNT 1

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. § 1692 et seq.

20. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

21. The foregoing act and omission of the Defendant and its agent constitutes a violation of the FDCPA including, but not limited to, each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692 et seq., with respect to this Plaintiff.

22. As a result of the Defendant's violation of the FDCPA, Plaintiff is entitled to statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorneys' fees and costs pursuant to 15 U.S.C. § 1692k(a)(3), from the Defendant herein.

### COUNT 2

### INVASION OF PRIVACY BY INTRUSION UPON SECLUSION AND BY REVELATION OF PRIVATE FINANCIAL FACTS TO THIRD PARTY

23. Plaintiff incorporates by reference all of the paragraphs of this Complaint as though fully stated herein.

24. Congress explicitly recognized a consumer's inherent right to privacy in collection matters in passing the Fair Debt Collection Practices Act, when it stated as part of its findings:

> Abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy.  15 U.S.C. § 1692(a) (emphasis added).

25. Congress further recognized a consumer's right to privacy in financial data in passing the Gramm Leech Bliley Act, which regulates the privacy of consumer financial data for a broad range of "financial institutions" including debt collectors albeit without a private right of action, when it stated as part of its purposes:

> It is the policy of the Congress that each financial institution has an affirmative and continuing obligation to respect the privacy of its customers and to protect the security and confidentiality of those customers' nonpublic personal information.  15 U.S.C. § 6801(a) (emphasis added).

26. Defendant and/or its agent intentionally and/or negligently interfered, physically or otherwise, with the solitude, seclusion and or private concerns or affairs of this Plaintiff, namely, by unlawfully attempting to collect a debt and thereby invaded each Plaintiff's privacy.

27. Defendant also intentionally and/or negligently interfered, physically or otherwise, with the solitude, seclusion and or private concerns or affairs of the Plaintiff, namely, by unlawfully disclosing information about this debt to third parties, and thereby invaded Plaintiffs' right to financial privacy.

28. Defendant disclosed Plaintiff's alleged indebtedness to third parties.  Defendant knew or had reason to know that the third parties did not have a legitimate need for the information.

29. The Plaintiff had a reasonable expectation of privacy in Plaintiff's solitude, seclusion, private concerns or affairs, and private financial information.

COUNT 3

VIOLATION OF 559.72 (5) OF THE FLORIDA CONSUMER COLLECTION PRACTICES ACT

30. Defendant disclosed Plaintiff's alleged indebtedness to third parties. Defendant knew or had reason to know that the third parties did not have a legitimate need for the information.

31. As a result of Defendant's improper disclosures to third parties, Plaintiff's reputation was affected.

WHEREFORE, Plaintiff requests that this Honorable Court enter judgment in favor of Plaintiff and against Defendant for:

A) Damages and

B) Attorneys' fees and costs.

PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that judgment be entered against the Defendant.

Dated: July 13, 2010                    Respectfully submitted,

/s Andrew I. Glenn_____
Andrew I. Glenn
E-mail: AGlenn@cardandglenn.com
Florida Bar No.: 577261
J. Dennis Card, Jr.
E-mail:DCard@cardandglenn.com
Florida Bar No. 0487473
Card & Glenn, P.A.
2501 Hollywood Boulevard, Suite 100
Hollywood, Florida 33020
Telephone: (954) 921-9994
Facsimile: (954) 921-9553
Attorneys for Plaintiff