UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

RANDALL RUMORA,
    Plaintiff,

Case No. 10-CV-61204

v.

VITAL RECOVERY SERVICES, INC.,
    Defendant.
_____/

## DEFENDANT VITAL RECOVERY SERVICES, INC.'S
## 12(b)(6) MOTION TO DISMISS

Defendant, Vital Recovery Services, Inc., (hereinafter "VRS"), files this its 12(b)(6) Motion to Dismiss and would respectfully show unto the Court as follows:

### I.

### INTRODUCTION

1. Plaintiff has made vague, factually unsupported allegations against VRS which cannot be cured by amendment. Defendant VRS moves this Court to dismiss with prejudice, the claim asserted by Plaintiff against Vital Recovery Services, Inc.

### II.

### MOTION TO DISMISS STANDARD

2. Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." This pleading standard "does not require 'detailed factual allegations,' but it demands more than an unadorned, the defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." 129 S.Ct. at 1949 (quoting 550 U.S. at 555).

Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of further factual enhancement." 129 S.Ct. at 1949 (quoting 550 U.S. at 557).

3. On a Rule 12(b)(6) motion, a complaint must be dismissed if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. In *Twombly*, the Supreme Court upheld a Rule 12(b)(6) dismissal because the complaint did not allege sufficient facts showing a claim was plausible rather than merely conceivable. *Id.* at 570. Thus, "[i]n reviewing a motion to dismiss an action pursuant to Rule 12(b)(6)...[a court] must determine whether it is plausible that the factual allegations in the complaint are 'enough to raise a right to relief above the speculative level.'" *Andrew v. Clark*, 561 F.3d 261, 266 (4t Cir. 2009) (quoting *Twombly*, 550 U.S. at 555).

4. Fed.R.Civ.P 12(b)(6) requires that the court take the factual allegations in the complaint as true. *Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit,* 507 U.S. 163 (1993). However, the court, "need not accept the legal conclusions drawn from the facts, and need not accept as true the unwarranted inferences, unreasonable conclusions or arguments." *Jordan v. Alternative Res. Corp.*, 458 F.3d 332, 338 (4th Cir. 2006).

5. Finally, in considering a motion to dismiss based on Fed.R.Civ.P 12(b)(6), a district court must limit itself to the contentions in the pleadings, including any attachments to the pleadings. *Collins v. Morgan Stanley Dean Whitter*, 224 F.3d 496 (5th Cir. 2000). The Court may, however, consider documents the defendant attaches to the motion if they are referred to in the plaintiff's complaint and are central to plaintiff's claim. *Collins* at 498-499.

## III.

## ARGUMENT AND AUTHORITIES

### A. Plaintiff's Complaint Pleads No Facts Justifying Relief

6. In *Ashcroft*, the Supreme Court articulated a two step analysis for a motion to dismiss a complaint on the grounds it pled insufficient facts to state a claim. First, the court should "begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth" that are normally accorded allegations. 129 S.Ct. at 1950. The court must keep in mind that '"[w]hile legal conclusions can provide the framework of a complaint, they must be supported by factual allegations...threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* at 1949-50. Second, "when there are well-pleaded factual allegations, (which in this case there are not), a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief. *Id.* at 1950.

### a. Legal Conclusions Not Entitled to the Presumption of Truth.

7. The first step of the Supreme Court's Ashcroft analysis states that a court should identify conclusory pleadings that are not entitled to the assumption of truth. *Id.* Essentialy, these are "bare assertions ...[which] amount to nothing more than a 'fomulaic recitation of the elements' of a ...claim..." *Id.* at 1951 (quoting *Twombly*, 550 U.S. at 555). Based on the first step of this analysis, Defendant submits the following as conclusory pleadings not entitled to the assumption of truth:

> (para 14) – In or about July 2010, Defendant VRS's collector contacted Plaintiff by telephone in an effort to collect this debt, which was a "communication" in an attempt to collect a debt as that term is defined by 15 U.S.C. § 1692a(2).

(para 15) – During this July, 2010 call, Defendant left a voicemail on Plaintiff's answering machine, identifying himself as a debt collector.

(para 16) – The above-described collection communication made to Plaintiff by Defendant VRS, and a collection employee employed by Defendant VRS, was made in violation of numerous and multiple provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692b(3), 1692d(5), 1692e(11), 1692f, as well as violation of the FCCPA § 559.72(5), and 559.77(5).

(para 17) – The above-detailed conduct by this Defendant of harassing Plaintiff in an effort to collect this debt was a violation of numbers and multiple provisions of the FDCPA, including but not limited to all of the mentioned provisions of the FDCPA, as well as an invasions of Plaintiff's privacy by an intrusion upon seclusion and by revelation of private financial facts resulted in actual damages to these Plaintiff.

(para 18) – Defendant's disclosure of Plaintiff's indebtedness to third parties was an invasion of his privacu and their right to financial privacy.

(parap 21) The foregoing act and omission of the Defendant and its agent constitutes a violation of the FDCPA…

(para 22) As a result of the Defendant's violation of the FDCPA, Plaintiff is entitled to stautory damages in an amount up to $1,000 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney fees and costs pursuant to 15 U.S.C. § 1692k(a)(3), from the Defendant herein.

(para 26) Defendant and/or its agent intentionally and/or negligently interfered, physically or otherwise, with the solitude, seclusion and or private concerns or affairs of the Plaintiff, namely by unlawfully attempting to collect a debt and thereby invaded each Plaintiff's privacy.

(para 27) Defendant also intentionally and/or negligently interfered, physically or otherwise, with the solitude, seclusion and or private concerns or affairs of the Plaintiff, namely by unlawfully disclosing information about this debt to third parties, and thereby invaded Plaintiffs' right to financial privacy.

> (para 28) Defendant disclosed Plaintiff's alleged indebtedness to third parties. Defendant knew or had reason to know that the third parties did not have a legitimate need for the information.
>
> (para 30) Defendant disclosed Plaintiff's alleged indebtedness to third parties. Defendant knew or had reason to know that the third parties did not have a legitimate need for the information.
>
> (para 31) As a result of Defendant's improper disclosures to third parties, Plaintiff's reputation was affected.

8. These statements are conclusory and unsupported by any factual allegations; therefore, they are not entitled to the presumption of truth. In fact, Plaintiff fails to assert any factual information that some third party did overhear any alleged message left.

b. <u>Plaintiff's Claims Do Not Give Rise to a Plausible Entitlement to Relief.</u>

9. "Where a complaint pleads "facts" that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id* at 1949. Further, "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged - but it has not show[n]' - that the pleader is entitled to relief." *Id.* at 1950 (citing Fed.R.Civ.P. 8(a)(2)). Following the second step of the Supreme Court's analysis, Plaintiff has not shown himself plausibly entitled to any relief. Apart from his conclusory statements that the Defendant is liable, Plaintiff has not shown why he is entitled to relief or that he suffered any harm warranting relief. Plaintiff "has not nudged [his] claims...across the line from conceivable to plausible." *Id.* at 1951. Because Plaintiff has done no more than provide legal conclusions, without substantiating them with factual support, his claims should be dismissed according to Rule 8 of the Federal Rules of Civil Procedure.

10. Plaintiff's complaint is rife with conclusory allegations. Plaintiff badly asserts that many violations were made by Defendant to Plaintiff, but does not indicate the basis for his

conclusions that any statement made by Defendant was overheard by a third party or a misrepresentation. Likewise, Plaintiff asserts that Defendant engaged in abusive and harassing practices, but does not indicate how he was abused, or how the least sophisticated or unsophisticated consumer would be abused by such practices.

11. Moreover, Plaintiff does not indicate how he was injured by any alleged misrepresentation, even though it is not enough than an alleged voicemail message was left, rather the Plaintiff must prove that the message was overheard and misled the least sophisticated or unsophisticated consumer. Nor does the Plaintiff indicate how he was injured by Defendant's harassing and unreasonable collection efforts. Because the Plaintiff has failed to allege sufficient facts which show his claim for relief is plausible, not mere conceivable, Plaintiff's complaint lacks the factual basis necessary to survive this Motion to Dismiss; therefore the Court should dismiss Plaintiff's complaint against Defendant VRS.

## IV.

## CONCLUSION

12. Plaintiff's claims are based on conclusory allegations. Further, Plaintiff's allegations do not show that his claim for relief is plausible and not merely conceivable. Therefore, each and every claim asserted by Plaintiff against VRS should be dismissed with prejudice to refiling same.

WHEREFORE, Defendant, Vital Recovery Services, Inc. respectfully requests that this Motion to Dismiss be granted in its entirety, that the claims asserted against it be dismissed to refilling same, and for such other and further relief as it may show itself justly entitled.

Respectfully submitted,

By: s/ Matthew A. Rabin
Matthew Rabin (Florida Bar No:0810681)
mrabin@dc-atty.com
DOUBERLEY & CICERO
1000 Sawgrass Corp. Pkwy, Suite 590
Sunrise, FL 33323
(954) 838-8832 Fax (954) 838-8842
*Attorney for Vital Recovery Services, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on August 6, 2010, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record identified on the attached Service List in the manner specified, either via transmission of Notice of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

s/ Matthew A. Rabin
Matthew Rabin

**SERVICE LIST**
**RANDALL RUMORA v. VITAL RECOVERY SERVICES, INC.**
**CASE NO. 10-CV-61204-GOLD/McAliley**
**United States District Court, Southern District of Florida**

Andrew I. Glenn, Esq.
AGlenn@cardandglenn.com
Card & Glenn, PA
2501 Hollywood Boulevard, Suite 100
Hollywood, FL 33020
Attorneys for Plaintiff, Randall Rumora